IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN M. GRUTTEMEYER, an individual, | Case No. 8:18-cv-70 |
| Plaintiff, | |
| vs. | **STIPULATED PROTECTIVE ORDER** |
| THE TRANSIT AUTHORITY OF THE CITY OF OMAHA D/B/A METRO AREA TRANSIT, a Nebraska corporation, and TRANSPORTATION WORKERS UNION OF AMERICA, LOCAL 223 | |
| Defendants. | |

The Plaintiff, John M. Gruttemeyer, and the Defendants, The Transit Authority of the City of Omaha d/b/a Metro Area Transit and Transportation Workers Union of America, Local 223 hereby stipulate and agree to and request the entry of this Protective Order ("Protective Order") concerning disclosure, use, and protection of confidential or proprietary documents and information, including, but not limited to, commercial and/or financial information that is not available in the public domain.

The parties hereby stipulate and IT IS ORDERED as follows:

**Purpose and Scope**

1. Discovery in this action may involve disclosure of purported trade secrets and other confidential and proprietary business, personal, technical, and financial information. This Protective Order (the "Order") therefore is intended to protect against unauthorized disclosure of any such information and to ensure that such information will be used only for the purposes of this action. This Order shall govern all information (whether in writing, electronic, or other form), interrogatory responses, responses to

requests for admission, documents produced in response to requests for production or voluntary production of documents, deposition testimony, including but not limited to all copies, excerpts, and summaries thereof or materials derived therefrom, including all such materials which are used in the course of pretrial discovery and other proceedings in this action and any motions, briefs, or other filings incorporating such information (collectively, "Discovery Material").

**Applicability**

2. Provisions of this Order shall apply to (i) the parties presently named or later joined in this action, including, in the case of parties other than individuals, their officers, directors, employees, and agents and (ii) any other person or entity who produced Discovery Material in this action and who agrees to be bound by the terms of this Order.

**Designation of Materials**

3. The producing parties may designate any Discovery Materials as "Confidential" ("Confidential Discovery Material") when a party, third party, or their counsel in good faith believes that such Confidential Discovery Material constitutes or reveals a trade secret or other confidential or proprietary business, personal, technical or financial information. For purposes of this Order, information considered to be Confidential Discovery Material includes, but is not limited to, all non-public materials containing information related to the following: research; market studies; trade secrets; proprietary technical information; submissions of information to regulatory agencies and designated or requested for confidential treatment; proprietary policies and procedures; proprietary business strategies and marketing plans, transactions and strategies, and

analysis of same; financial or tax data; proprietary contracts; customer lists and information; competitive analyses; costs; pricing; current personnel; employment compensation information; personnel files and documents contained in personnel files of Defendant's current and former employees; product and market development and planning; financial results, plans, and projections; or the financial affairs of any individual subject to discovery in this action;

   4. It shall be the duty of the party or a third party who seeks to invoke protection under this Order to give notice, in the manner set forth herein, of the Confidential Discovery Material to be covered hereby. The duty of the other parties and of all parties bound by this Order to maintain confidentiality hereunder shall commence with such notice.

   **Disclosure**

   5. Except with the prior consent of the producing party or upon prior order of a court of competent jurisdiction, Confidential Discovery Material shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Order. A nonproducing party shall not, except with the prior consent of the producing party or witness or by order of this Court, use Discovery Material or Confidential Discovery Material for any purpose, including, without limitation, any business or commercial purpose, other than for the purpose of preparing for and conducting the litigation of this action and any appellate proceedings in this action, and the use and disclosure of any Confidential Discovery Material shall be limited to the extent reasonably necessary for the prosecution, defense, and/or appeal of this action. The mere designation of a

document as "Confidential" pursuant to this Order does not mean that the document is a trade secret and the nonproducing party reserves all objections to the same.

**<u>Discovery Material Designated "Confidential"</u>**

6. Except with the prior consent of the producing party or upon prior order of this Court, Discovery Material designated "Confidential" shall not be disclosed directly or indirectly by the person receiving such material to persons other than the following persons, as to whom disclosure shall be limited to the extent reasonably necessary for the prosecution, defense, and/or appeal of this action:

    (a) The Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial, or deposition in this action or any appeal therefrom;

    (b) Counsel for the parties in this action, associates, legal assistants, paralegals, secretarial and clerical employees, and outside copy services, litigation consulting services, document management services, and graphic services that are assisting counsel in the prosecution, defense, and/or appeal of this action;

    (c) Independent and party experts, consultants and/or investigators retained, employed, or informally consulted by counsel in connection with the prosecution, defense, and/or appeal of this action, including their secretarial and clerical employees who are assisting in the prosecution, defense, and/or appeal of this action;

    (d) The parties and the officers and employees of any party solely for the purpose of prosecuting, defending, and/or appealing this lawsuit;

    (e) Actual witnesses during the trial or any hearing in this lawsuit or actual deponents during a deposition in this lawsuit and their respective attorneys, subject to their signing the "Undertaking" (described below); and

    (f) Independent auditors of a party, subject to their signing the "Undertaking."

7. To the extent that any party identifies documents which they believe need more protection than provided herein, they shall seek protection from the Court.

**Statements**

8.  Any person not employed by Counsel of Record's respective offices who is given access to Confidential Discovery Material shall, prior to being given any such material, be informed of the provisions of this Order, read this Order, and execute an Undertaking, in the form annexed hereto as Exhibit A, indicating that he/she has read this Order and will abide by its terms. The original of any such Undertaking shall be retained by counsel for each party who intends to or does provide such persons any such material, until the conclusion of this action, including all appeals. The parties agree not to use these statements for any purpose other than monitoring and enforcing compliance with this Order.

**Non-Disclosure**

9.  Any person receiving Confidential Discovery Material shall not disclose such information to any person who is not entitled to receive such information under this Order. If Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all parties and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to retrieve such material and to prevent further disclosure by it or by the person who received such information.

**Designation of Written Discovery Material by Party or Witness**

10.  Any producing party or witness shall designate Confidential Discovery Material at the time of its production by marking any originals or copies of the documents or other tangible materials with the legend "Confidential" at the time of their

production.  If any document or other material is used as an exhibit at trial or otherwise displayed to the Jury, all markings indicating that the document or material had previously been designate by the party pursuant to this Order as "Confidential" shall be removed prior to offering the document or material into evidence or displaying same, and no mention shall be made of the previous designation of confidentiality.  Such removal shall not alter the confidential nature and treatment of the document or material or the obligations of any party or third party under this Order.

**Designation of Testimony by Party or Witness**

11.     Any party or non-party witness shall have thirty (30) days from the date of receipt of a copy of a deposition or other transcript in which to designate all or portions of the testimony as "Confidential".  Notwithstanding paragraph 4 of this Order, from the time the testimony is given through such 30-day period, all information disclosed in the testimony shall be deemed Confidential Discovery Material subject to the terms of this Order.  After such thirty (30) days have expired, any testimony not designated shall no longer be deemed Confidential Discovery Material, subject, however, to the terms of paragraph 20 below.  Such designation shall be made after transcription by sending written notice identifying the information to be so designated by page and line numbers to counsel of record, the reporters, and the witness within the 30-day time period.  The reporter shall stamp each page so designated as "Confidential".

**Nonconfidential Information**

12.     Discovery material may not be designated Confidential Discovery Material if the content or substance thereof:

(a)     Is already in the public domain at the time of disclosure;

(b) Becomes part of the public domain at any time, unless as a result of (i) action or failure to act, where there is a public duty to act, on the part of the recipient; or (ii) any malefaction or breach of duty by a recipient or any third party;

(c) Is already in the possession of the recipient party at the time of disclosure and was not acquired under assurance of confidentiality directly or indirectly from the disclosing party; or

(d) Is made available to the recipient party by a third party who obtained the same by legal means and without any obligation of confidence to the disclosing party.

13. In the event any Discovery Material originally designated as "Confidential" is later determined to not be confidential pursuant to the terms of paragraph 12, such designation shall be honored by the parties until amended by agreement among the parties or until otherwise ordered by this Court in accordance with the provisions of this Order or until the conclusion of the litigation.

**Disputes**

14. Any party may object to the designation of particular Discovery Material as "Confidential" by giving written notice to the party or witness making the designation and to all other parties. Such notice shall identify with specificity the Discovery Material to which the objection is directed and the basis of the objection. If any party disputes the challenge to the designation of the Discovery Material and such dispute cannot be resolved, the party objecting to the designation to file a motion with the Court to request an <u>in camera</u> review of the disputed Discovery Material and a determination by the Court that the material be designated as "Confidential". The disputed Discovery Material shall be treated as originally designated pending a ruling from the Court. In any proceeding under this paragraph, the witness or party making the designation shall

have the burden of persuading the Court that the challenged Discovery Material is entitled to the protection of the designation of "Confidential".

**Court Filing**

15. All transcripts of any nature or portions thereof, exhibits, answers to interrogatories, responses to requests for admissions, and other documents filed or used in hearing or trial in this action which have previous thereto been designated as comprising or containing Confidential Discovery Material, or any pleading or memorandum purporting to reproduce or paraphrase such information, shall be filed or submitted to the Court via the CM/ECF system in accordance with NECivRs 5.3 and 7.5.

16. In the event that any Confidential Discovery is used in any court proceeding in this action or any appeal therefrom, it shall not lose its status as Confidential Discovery Material. Counsel shall confer on such procedures as are necessary to protect the confidentiality of information used in the course of any court proceedings or appeal, prior to using Confidential Discovery Materials in such proceedings.

**Return of Discovery Material**

17. All provisions of this Order restricting the use of information obtained during discovery shall continue to be binding after the conclusion of this action, including all appeals, until further reorder of the Court, unless the parties agree otherwise in writing. Within sixty (60) days of settlement or final termination of this action, including all appeals, unless otherwise agreed to in writing by an attorney of record for the designating party, the attorneys for each party, upon request, shall

assemble and destroy or return to the disclosing party all documents and things containing Confidential Discovery Material produced by that Party, and shall destroy all copies thereof made subsequent to production which are in their possession, custody or control, except that outside counsel of record shall be entitled to retain one (1) copy of all litigation documents, including exhibits, transcripts of testimony, court filings, and their own correspondence and memoranda containing Confidential Discovery Material, but such documents shall be used only for the purpose of preserving a file on the action, and shall not, without the written permission of the disclosing party, or an order of this Court or another court of competent jurisdiction, be disclosed to anyone other than those to whom such information was actually disclosed, in accordance with the terms and conditions of this Order, during the course of this action.

**No Waiver**

18. Neither the taking of any action in accordance with the provisions of this Order, nor the failure to object hereto, shall be construed as a waiver of any claim or defense in this action. This Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party or witness of the obligation to produce information properly sought in the course of discovery. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial of this action. Nothing contained in this Order or any declaration of confidentiality or restriction hereunder shall be used or characterized by any party as an "admission" by a party opponent.

**Inadvertent Failure to Designate**

19. Inadvertent failure to designate materials as Confidential Discovery Material at the time of production may be remedied by supplemental written notice given by the producing party. Upon receipt of such notification, all documents, materials, or testimony so designated or re-designated shall be fully subject to this Order as if it has been initially so designated and shall be re-marked by the receiving party; provided, however, that the receiving party shall incur no liability for any previous treatment of such information in conformance with its original designation. The party receiving such notice shall make a reasonable good faith effort to ensure that any analyses, memoranda, or notes which were internally generated based upon such information shall immediately be treated in conformance with any such designation or re-designation.

The failure of a party to object to or to challenge a designation by another party of Discovery Material as "Confidential" shall not constitute an admission that the materials so designated are in fact trade secrets, or other confidential or proprietary business, personal, technical or financial information, or are entitled to any legal protection. The failure of a party to object or to challenge a designation by another party of Discovery Material as "Confidential" upon initial receipt of this material shall not constitute or be construed as a waiver of that party's right to subsequently object to or to challenge such designations at any later time.

**Inadvertent Production**

20. The inadvertent production of any document or other information during discovery in this action shall be without prejudice to any claim that such material is

privileged under the attorney-client privilege, or protected from discovery as work product within the meaning of the Federal Rules of Civil Procedure, and no party or entity shall be held to have waived any rights by such inadvertent production. Upon written request by the inadvertently producing party or entity, the receiving party shall (i) return the original and all copies of such documents within ten (10) days of receiving the request, and (ii) shall not use such information for any purpose until further order of the Court. Any analyses, memoranda, or notes which were internally generated based upon such information shall be destroyed. Upon written request by the receiving party, the advertently producing party shall make the document available for *in camera* inspection by the Court in connection with any challenge to the claim of privilege or work product protection.

21. Noting herein will restrict the party from whom the return of the documents is requested from filing a motion with the Court contesting the designation of the material as privileged or protected by the work product doctrine or from referring to the fact that the material has been produced; provided, however, the party filing the motion cannot refer to the content of the document nor contend that any privilege has been waived.

**Inconsistent Designations**

22. In the event of a party produces two or more identical copies of a document any such copy is designated with a lesser degree of confidentiality than any other copy, all such identical documents shall be treated as confidential. The producing party shall be responsible for informing the party receiving the inconsistently designated information of the inconsistent designation; however, if any person subject to this Order

receives such inconsistently designated information, and has actual knowledge of the inconsistent designation, the person shall treat all copies as Confidential.

### Further Motions Not Precluded

23. Entry of this Order shall be without prejudice to any motion for relief from the provisions hereof or to any motion for further restriction on the production, exchange, or use of any document or to any motion for further restriction on the production, exchange, or use of any document or other information in the course of this action; provided, however, that no such motion shall be made after the entry of a final judgment or settlement.

### No Restrictions on Admissibility or Use

24. Nothing herein shall impose any restriction on the use or disclosure by a party of its own documents or information, including the deposition testimony of its employees or experts.

DATED this 12TH day of September, 2018.

So ordered.

BY THE COURT:

s/ *Cheryl R. Zwart*
Honorable Cheryl R. Zwart

DATED: September 12, 2018

By:/s/ *Ryan M. Kunhart*
    Ryan M. Kunhart, #24692
    Jeffrey J. Blumel, #19011
    Dvorak Law Group, LLC
    13625 California Street, Suite 110
    rkunhart@ddlawgroup.com
    jblumel@ddlawgroup.com
    Telephone: (402) 934-4770
    Attorneys for Defendant

DATED: September 12, 2018

/s/ *Terry A. White*
Terry A. White, NE #18282
CARLSON & BURNETT, LLP
17525 Arbor Street
Omaha, NE 68130
Telephone: (402) 934-5500
terry@carlsonburnett.com
Attorney for Plaintiff

DATED: September 12, 2018

/s/ *John E. Corrigan*
John E. Corrigan, #21242
DOWD HOWARD & CORRIGAN, L.L.C.
1411 Harney Street, Suite 100
Omaha, NE 68102
Telephone: (402) 341-1020
jcorrigan@dowd-law.com

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, of _____, declare under penalty of perjury that I have read in its entirety the Protective Order or have had the Protective Order explained to me by Counsel for a party and understand the Protective Order that was issued by the United States District Court for the District of Nebraska, on _____, 2018, in the case of John M. Gruttemeyer, Plaintiff v. The Transit Authority of the City of Omaha d/b/a Metro Area Transit and Transportation Workers Union of America, Local 223, Defendants, Case No. 8:17-CV-70. I agree to comply with and to be bound by all the terms of the Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I promise that I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of the Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nebraska, for the purpose of enforcing the terms of the Protective Order, even if such enforcement proceedings occur after termination of this action.

Printed Name: _____

Signature: _____

Address: _____
_____

Dated: _____