IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN M. GRUTTEMEYER, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>TRANSIT AUTHORITY OF THE CITY OF OMAHA, a Nebraska corporation;<br><br>Defendant. | 8:18CV70<br><br>ORDER |

This matter is before the Court on the defendant's motions in limine, Filing No. 63, the plaintiff's motions in limine, Filing No. 67 and the defendant's second motion in limine, Filing No. 82. This is an action for discrimination in employment.

Although the motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings, performing a gatekeeping function and sharpening the focus for later trial proceedings, some evidentiary submissions, cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine is appropriate for "evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Id.* In other instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate the impact of the evidence on the jury. *Id.* The Eighth Circuit has noted that "[e]videntiary rulings made by a trial court during motions in limine are preliminary and may change depending on what actually happens at trial." *Walzer v. St. Joseph State Hosp.*, 231 F.3d 1108, 1113 (8th Cir. 2000). To the extent that a party challenges the probative value of the evidence, an attack upon

1

the probative sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve. *United States v. Beasley*, 102 F.3d 1440, 1451 (8th Cir. 1996). With those principles in mind, the court finds as follows:

I.   Defendant's Motions in Limine (Filing No. 63)

> Motions in Limine Nos. 1-4**:**  Evidence Related to Mr. Gruttemeyer's Purported Disability of Bipolar Disorder should be Excluded because he has Failed to Designate an Expert Witness.

The defendant seeks to exclude any evidence, reference to, or exhibits concerning plaintiff's purported disability of, or treatment for, bipolar disorder, or any reference to expert opinions that were not included in an expert witness disclosure. The defendant argues that the plaintiff cannot prove he is disabled under the ADA without expert testimony. It contends that the plaintiff did not designate Ms. Buda Dardon as an expert and accordingly, her testimony should be excluded. In response, the plaintiff argues that the plaintiff's treating practitioner's testimony is not subject to the disclosure requirements under Fed. R. Civ. P. 26(a)(2).

The Court generally finds that evidence of the plaintiff's purported mental health disability may be relevant to the plaintiff's claim that he has a record of disability.

> Motion in Limine 5:  Ms. Buda Dardon's Testimony Should Be Excluded or, in the Alternative, Be Limited to the Parameters of her Discipline.

The defendant contends that Ms. Buda Dardon is not authorized to testify as to the plaintiff's diagnosis. Defendant also raises a *Daubert* challenge to her testimony. In response, the plaintiff argues that Ms. Buda Dardon, as a licensed independent mental health practitioner, is qualified to testify regarding the plaintiff's psychiatric disability.

The Court finds the defendant's motion in limine should be denied. Ms. Buda Dardon may testify as a fact witness. She is a licensed independent mental health practitioner. Under Nebraska law,

> Independent mental health practice includes diagnosing major mental illness or disorder, using psychotherapy with individuals suspected of having major mental or emotional disorders, or using psychotherapy to treat the concomitants of organic illness, with or without consultation with a qualified physician or licensed psychologist.

Neb. Rev. Stat. Ann. § 38-2113 (2007). Generally, a treating physician is not considered an expert witness if he or she testifies about observations based on personal knowledge, including the treatment of the party. "The disclosure rule is less demanding for experts that are not specially employed or retained for litigation, such as treating physicians." *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 702 (8th Cir. 2018); *see also Davoll v. Webb*, 194 F.3d 1116, 1138 (10th Cir. 1999). Daubert comes into play only with expert witnesses. The defendant's criticism of the testimony is properly the subject of cross-examination and goes to the weight, not the admissibility of the evidence.

<u>Motion in Limine No. 6</u>: Evidence Related to Mr. Gruttemeyer's Disability Pension Received from the City Of Omaha Police & Fire Retirement System should be Excluded.

Defendant seeks to exclude two documents entitled "City of Omaha Police & Fire Retirement System Disability Review" that reference Mr. Gruttemeyer's receipt of a disability pension on July 16, 2010 for major depressive and generalized anxiety disorders. It first argues that Gruttemeyer's claimed disability is bipolar disorder, not major depressive and generalized anxiety disorders and states Gruttemeyer is not qualified to opine that bipolar disorder, depression and anxiety are all "intermingled." Defendant again contends that Gruttemeyer's diagnosis requires expert testimony, which is lacking. Defendant Metro also argues that the qualifications for a disability pension do

not equate to a disability under the ADA and such evidence is irrelevant, likely to mislead the jury, confuse the issues and would be unfairly prejudicial to Metro.

The plaintiff responds that neither document requires or attempts to introduce expert testimony, and states that the exhibits will be offered for the purpose of establishing that Mr. Gruttemeyer has a record of disability and that Metro had notice of his record of disability. The Court finds the evidence appears to be admissible for that limited purpose.

A "record of disability" is to be broadly construed under the ADA:

> Whether an individual has a record of an impairment that substantially limited a major life activity shall be construed broadly to the maximum extent permitted by the ADA and should not demand extensive analysis. An individual will be considered to have a record of disability if the individual has a history of an impairment that substantially limited one or more major life activities when compared to most people in the general population, or was misclassified as having had such an impairment.

29 C.F.R. § 1630.2(k). The Court finds the defendant's motion should be denied. Expert testimony is not required to establish a record of disability. The exhibits will be admitted on a proper showing of relevance and foundation. Any inference that a disability pension equates to ADA disability can be addressed in a limiting instruction.

Motion in Limine Nos. 7-8: Mr. Gruttemeyer's Subjective Belief As To Why He Was Terminated Is Inadmissible.

The defendant contends that any such testimony is speculative. The plaintiff responds that Gruttemeyer should be allowed to provide lay witness opinion testimony under the rules. A lay witness can testify regarding his opinions, provided such testimony "is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Fed. R. Evid. 701. The fact that the lay opinion testimony

4

bears on the ultimate issue in the case does not render the testimony inadmissible. Fed. R. Evid. 704(a).

The admissibility of Gruttemeyer's testimony will depend on whether it satisfies the rational-basis and helpfulness requirements of Rule 701. The Court will admit the evidence at issue only on a showing of foundation and relevance to the issues in the case, and only to the extent that the relevance of the evidence outweighs its potential to cause prejudice or confusion under Fed. R. Evid. 403.

The Court cannot evaluate the admissibility of the evidence in the context of a motion in limine. Accordingly, the Court finds that the motion in limine should be overruled at this time, without prejudice to its reassertion via timely objection to the admissibility of such evidence at trial.

Motion in Limine Nos. 9-10: Evidence Regarding Comments Made By Non-Decision Makers Should Be Excluded.

Defendant contends that evidence of stray comments should not be admitted unless the plaintiff can link them to the personnel who are making the decisions disputed in the case at hand. In response the plaintiff argues that evidence of co-worker's hostility towards Gruttemeyer and decisionmakers' refusal to address that hostility is relevant to decisionmakers' attitudes, perceptions and beliefs regarding Mr. Gruttemeyer's disability or record of disability.

The Court is unable to evaluate the relevance of the challenged evidence in the context of a pretrial motion. Accordingly, the Court finds that the motion in limine should be overruled at this time, without prejudice to its reassertion via timely objection to the admissibility of such evidence at trial.

Motion in Limine No. 11: Subjective Witness Opinions or Testimony Regarding Whether Metro Treated Plaintiff Unfairly Is Inadmissible.

The defendant contends that subjective opinions are not helpful to the trier of fact and are inadmissible if the testimony draws inferences or reaches conclusions within the jury's competence or within an exclusive function of the jury. In response the plaintiff asserts that such testimony is admissible as long as the opinions are supported by adequate foundation. The Court finds that lay opinion testimony must satisfy the prerequisites of Rule 701. Again, the Court is unable to evaluate the admissibility of the evidence in the context of a motion in limine. The Court will not allow testimony on issues of law or matters that invade the province of the court or the jury. Accordingly, the Court finds the motion should be overruled at this time, without prejudice to reassertion via timely objection at trial.

Motion in Limine 12: Evidence Regarding Any Damages Mr. Gruttemeyer May Incur In The Future Should Be Excluded.

The motion is not opposed and will be granted.

Motion in Limine No. 13: Evidence Related To Damages That The Jury Is Not Permitted To Award Should Be Excluded.

The motion is not opposed and will be granted.

Motion in Limine No. 14-15: Evidence Related to Damages for Mr. Gruttemeyer's Medical Treatment, Emotional Pain and Suffering, Inconvenience, Mental Anguish and Loss of Enjoyment of Life should be Excluded.

The defendant contends any evidence related to damages for Gruttemeyer's medical treatment, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life should be excluded because Mr. Gruttemeyer has not previously disclosed any competent evidence to support such damages. The defendant's argument is again based on his contention that the plaintiff has not designated an expert witness.

The plaintiff does not oppose the motion, except with respect to Gruttemeyer's own testimony about his own health and medical condition. Generally speaking, a plaintiff can testify to his own mental anguish damages. However, it is doubtful such testimony supports admission for medical charges.

Accordingly, the court finds the motion in limine should be denied at this time without prejudice to reassertion at trial.

<u>Motion in limine No 16-17</u>: Exhibits or Witnesses Not Previously Disclosed should be Excluded.

The Court does not generally admit testimony or exhibits not previously disclosed unless used for rebuttal. The Court will reserve ruling on the motion until such time as it may come up at trial.

<u>Motion in limine No 18</u>: Evidence of the Financial Status of the Parties should be Excluded.

The plaintiff concedes and joins in this motion and the motion will be granted.

<u>Motion in Limine No. 19</u>: Any Reference To The "Golden Rule" Should Be Excluded.

The plaintiff states he does not intend to make any such reference. The motion will be denied as moot.

II. Defendant's Second Motion in Limine ([Filing No. 82](#))

Defendant seeks to exclude evidence of Mr. Gruttemeyer's major depressive disorder because Mr. Gruttemeyer did not explicitly plead major depressive disorder as a separate disability in his Complaint. The plaintiff contends that the defendant has long been on notice of the interrelated nature of the plaintiff's alleged mental health disorders.

The Court finds generally that the motion should be denied. As noted above, Francene Buda Dardon will be permitted to testify to her diagnosis and treatment of the

7

plaintiff, subject to a proper showing of relevance and foundation. The fact that the disorder was not separately set out in the complaint is of no consequence since the Pretrial Order supersedes the pleadings. It appears that the defendant has been on notice through discovery and depositions that the plaintiff's claim involves several interrelated mental health diagnoses and that that major depressive order is a component of bipolar disorder.

III.   Plaintiffs Motion in limine ([Filing No. 67](#));

    Motion in Limine No. 1:  NEOC Determinations should be Excluded

Defendant Metro agrees not to introduce such evidence, so long as any evidence or testimony regarding the NEOC's investigation and/or determination is not similarly mentioned or used by Mr. Gruttemeyer in any manner.

    Motion in Limine No. 2: Testimony, Arguments and Evidence Regarding Plaintiff's Dismissed Claims should be Excluded

Defendant Metro agrees not to introduce testimony, arguments, or evidence regarding Mr. Gruttemeyer's dismissed claims against the Union, so long as Mr. Gruttemeyer agrees to not introduce the same.

    Motion in Limine No. 3:  Testimony, Arguments and Evidence Regarding 2009 Allegations Against Plaintiff Should Be Excluded

The plaintiff anticipates Metro will present evidence regarding accusations that the plaintiff threatened fire chief Mike McDonnell in 2009. He argues that this evidence should be excluded because it is improper character evidence and its probative value, if any, is substantially outweighed by the danger of prejudice. The plaintiff contends the allegations against Mr. Gruttemeyer from 2009 do not involve the same employer or the same alleged victim and have no bearing on whether or not Mr. Gruttemeyer threatened Joe Boncordo at Metro in 2016. The defendant argues that the 2009 allegations are directly relevant

8

and highly probative, as they formed one of two bases that led Metro co-worker and Union President Joe Boncordo ("Mr. Boncordo") to serve Union charges on Mr. Gruttemeyer on February 22, 2016 which led to an altercation ensued between Mr. Gruttemeyer and Mr. Boncordo that allegedly forms the basis of Gruttemeyer's termination and this lawsuit.

The Court is unable to evaluate the relevance and probative value of such evidence in the context of a motion in limine. The defendant's concerns may warrant a cautionary or limiting instruction, but the Court cannot determine the ambit of such an instruction at this time. The Court will admit the evidence at issue only on a showing that it is relevant to the issues in the case, and only to the extent that the relevance of the evidence outweighs its potential to cause prejudice or confusion under Fed. R. Evid. 403. The Court finds the motion can be adequately resolved at trial, either in a hearing immediately prior to commencement of the trial, as an objection with a sidebar, or with a review of the evidence outside the presence of the jury. Therefore, the motion will be denied without prejudice to timely reassertion at trial. Accordingly,

IT IS ORDERED that the parties' motions in limine (Filing Nos. 63, 67, and 82) are granted in part and denied in part as set forth in this order.

Dated this 28th day of February, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge