## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

JOHN M. GRUTTEMEYER,

               Plaintiff,

     vs.

TRANSIT AUTHORITY of the CITY OF
OMAHA, a Nebraska corporation
doing business as Metro Area Transit

           Defendant.

**8:18cv70**

MEMORANDUM AND ORDER

This matter is before the Court on the defendant's renewed oral motion (Filing No. 95, Text Minute Entry) for judgment as a matter of law, which was taken under advisement at the close of the evidence.[1]  In ruling on a motion for judgment as a matter of law, the Court "'draw[s] all reasonable inferences in favor of [the plaintiffs] without making credibility assessments or weighing the evidence.'"  *Adams v. Toyota Motor Corp.*, 867 F.3d 903, 916 (8th Cir. 2017), *as corrected* (Aug. 14, 2017) (quoting *Arabian Agric. Servs. Co.*, 309 F.3d 379 482 (8th Cir. quoting *Phillips v. Collings*, 256 F.3d 843, 847 (8th Cir. 2001)).  A defendant's motion for judgment as a matter of law should not be granted unless all the evidence points one way and is susceptible of no reasonable

---

[1] The Court granted the defendant's motion for judgment as a matter of law on the plaintiff's claim for punitive damages.  Punitive damages may be awarded for employment discrimination if the employer acted "with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C, § 1981a(b)(1); *Sturgill v. United Parcel Serv., Inc.*, 512 F.3d 1024, 1035 (8th Cir. 2008). "The requisite showing of malice or reckless indifference requires proof that the employer 'at least discriminate[d] in the face of a perceived risk that its actions will violate federal law.'"  *Id.* (brackets in original) (quoting *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 536 (1999)).  Punitive damages are inappropriate if the employer was unaware of the federal prohibition, or if the plaintiff's underlying theory of discrimination was novel or poorly recognized, or if the employer reasonably believed that its discrimination satisfied a bona fide occupational defense. *Id.*  "Plaintiffs face a 'formidable burden' when seeking punitive damages for employment discrimination."  *Id.* (quoting *Canny v. Dr. Pepper/Seven–Up Bottling Grp., Inc.*, 439 F.3d 894, 903 (8th Cir.2006) (quotation omitted).  The evidence was not sufficient to find that the defendant acted with malice or in reckless disregard of the plaintiff's federally protected rights.  There was some evidence that the defendant believed it had a legitimate reason to terminate the plaintiff.

inferences sustaining the plaintiff's position. *Catipovic v. Peoples Comm. Heath Clinic, Inc.*, 401 F.3d 952, 956 (8th Cir. 2005). "Judgment as a matter of law is appropriate "[w]hen the record contains no proof beyond speculation to support [a] verdict." *Arabian Agric. Servs. Co.*, 309 F.3d at 482 (quoting *Sip-Top, Inc. v. Ekco Group, Inc.*, 86 F.3d 827, 830 (8th Cir.1996) (citation omitted)).

A plaintiff can prevail in an action under the ADA if he or she establishes that he: "(1) is disabled within the meaning of the ADA, (2) is a qualified individual under the ADA, and (3) suffered an adverse employment action because of [his or] her disability." *Walz v. Ameriprise Financial, Inc.*, 779 F.3d 842, 845 (8th Cir. 2015) (citation omitted); *see also, Cook v. George's, Inc.*, No. 18-3294, 2020 WL 1160673, at *3 (8th Cir. Mar. 11, 2020). To recover for a claim of retaliation under employment discrimination statutes, a plaintiff must establish that he was engaged in a protected activity, he suffered an adverse employment action, and must show the requisite causal connection between the first two elements. *Barker v. Missouri Dep't of Corr.*, 513 F.3d 831, 834 (8th Cir. 2008); *see also Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 352 (2013) ("Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action[]"); *Heisler v. Nationwide Mut. Ins. Co.*, 931 F.3d 786, 794 (8th Cir. 2019) (noting the ADEA has similar elements to Title VII for any claim for discrimination or retaliation).

The Court finds Gruttemeyer presented evidence sufficient to establish that he was disabled or had a record of a disability, that it substantially limited a major life activity, that he was qualified to perform the essential functions of his job; and that he was terminated because of his disability or record of disability. There is evidence of

"'conduct or statements by persons involved in [the employer's] decision-making process reflective of a discriminatory attitude sufficient to allow a reasonable jury to infer that that attitude was a motivating factor in [the employer's] decision to fire [the plaintiff].'" *Kiel v. Select Artificials, Inc.*, 169 F.3d 1131, 1135 (8th Cir. 1999) (brackets in original) (quoting *Feltmann v. Sieben*, 108 F.3d 970, 975 (8th Cir.1997)).  There is also enough evidence favorable to the plaintiff on the retaliation claim to have submitted that claim to the jury.

All of the evidence does not point one way in favor of the defendant on the plaintiff's claims.  Viewing the evidence in the light most favorable to the plaintiff, the Court finds the defendant's motion for judgment as a matter of law should be overruled and the Court will enter judgment on the verdict.

IT IS ORDERED:

1.      The renewed oral motion for judgment as a matter of law made by the defendant at the close of evidence (Filing No. 95), is overruled.

2.      A judgment will be entered on the jury verdict.

Dated this 30th day of March, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge