IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN M. GRUTTEMEYER, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>TRANSIT AUTHORITY OF THE CITY OF OMAHA, d/b/a Metro Area Transit, a Nebraska corporation,<br><br>Defendant. | 8:18CV70<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's motion for attorney fees, Filing No. 123. This is an action for disability discrimination in employment under the Americans with Disabilities Act, ("ADA"), as amended by the Americans with Disabilities Amendments Act of 2008 ("ADAA"), 42 U.S.C. § 12112; and for retaliation for engaging in a protected activity in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq.

I.   BACKGROUND

This action was tried to a jury from March 2, 2020 to March 5, 2020. The jury returned a verdict in favor of the plaintiff on both claims. Filing No. 105.

The plaintiff is the prevailing party in this action. Pursuant to the jury verdict, this Court entered judgment in the amount of $139,540.94 in favor of Gruttemeyer and against Metro. Filing No. 108. That award represented 100% of his lost wages and benefits and an additional $25,000.00 in damages for pain and suffering. On April 30, 2020, in accordance with the Bill of Costs Handbook, the Court taxed costs in the amount of $2,517.20 to Metro. Filing No. 121. This action is on appeal, however, the district court

retains jurisdiction over collateral matters, such as attorney's fees or sanctions, while an appeal is pending. *FutureFuel Chem. Co. v. Lonza, Inc.*, 756 F.3d 641, 648 (8th Cir. 2014).

The plaintiff seeks attorneys' fees in the amount of $103,054.50 as prevailing party. That amount represents 491.5 hours of work at hourly rates of between $175.00 to $300.00 per hour for attorneys and $90.00 per hour for paralegals. Filing No. 124-4, Ex. A-1, Billing statement. The plaintiff submits affidavits of counsel stating that the hours expended by plaintiffs' counsel are reasonable and were necessary to this action. Filing No. 124-2, Ex. A, Affidavit of Alexis Mullaney; Filing No. 124-5, Ex. B, Affidavit of Terry White. Further, the plaintiff has shown that the attorneys' hourly rates are fair, reasonable and competitive in the Omaha market for legal representation of this nature. Filing No. 124-6, Ex. C, Affidavit of Darren Carlson.

Metro does not dispute that the plaintiff is entitled to fees under the ADA and ADEA as prevailing party, but objects to the amount of fees requested. It contends the motion should be denied in part, and the fee award should be reduced in consideration of the fact that the plaintiff's claims against the Union were dismissed on a motion for summary judgment earlier in this action. It also argues that fees for block-billing entries, fees in connection with administrative proceedings, and fees for administrative tasks should be deducted from any award.

II. LAW

An award of attorney's fees is mandatory under the ADEA. *See* 29 U.S.C. § 626(b), incorporating 29 U.S.C. § 216(b). The beginning point for determining the attorney fees is the lodestar, which is determined by multiplying the number of hours reasonably

expended by the reasonable hourly rate. *Fisk v. St. Cloud Univ.*, 285 F.3d 849, 851 (8th Cir. 2002). In making an attorney fee award, the court considers the number of hours expended, complexity of issues, overall reasonableness, skill needed of the lawyers, customary fees, results obtained, and the undesirability of the case. *See Hensley v. Eckerhart,* 461 U.S. 424, 430 n.3 (1983). The United States Supreme Court has expressed reservations about whether courts should deviate from the lodestar absent exceptional circumstances. *See Perdue v. Kenny A.*, 559 U.S. 542, 551-52 (2010). The lodestar calculation is characterized as "the guiding light of our fee-shifting jurisprudence." *Id.* (quoting *Burlington v. Dague*, 505 U.S. 557, 562 (1992)). The attorney's prevailing rate in the community is strongly presumptive of the correct rate that should be awarded. *Id.* at 551-53. The lodestar should already take into account factors such as ensuring the fees are sufficient to attract capable attorneys to represent civil rights claimants. *Id.* at 553.

Where a prevailing plaintiff succeeds on only some of his claims, a court addresses two questions in considering the results obtained: (1) whether the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded; and (2) whether the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award. *Id.* "Generally speaking, 'status as a prevailing party is determined on the outcome of the case as a whole, rather than by piecemeal assessment of how a party fares on each motion along the way.'" *Emery v. Hunt*, 272 F.3d 1042, 1047 (8th Cir. 2001) (citation omitted).

Fees can be recovered for certain administrative proceedings. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 560 (1986); *see also Skokos v.*

*Rhoades,* 440 F.3d 957, 962 (8th Cir. 2006) (finding Title VII plaintiffs may recover attorney's fees for state administrative proceedings that they were required to exhaust). Also, when determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates. *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005).

III. DISCUSSION

Based on its familiarity with the case, the Court finds Gruttemeyer should recover the full amount of attorney fees he seeks. Gruttemeyer's claims against TWU Local 223 were related to and intertwined with the claims against Metro. The same evidence and witnesses would have been required in actions against both defendants and the same damages would have been proven. All claims arose out of Mr. Gruttemeyer's suspension and ultimate termination and involved the same set of facts and the same witnesses. The dismissal of TWU Local 223 did not diminish Gruttemeyer's success because he would not be entitled to a double recovery, whether claims against either or both defendants were successful at trial. The Court finds Gruttemeyer's ultimate success supports an award of his full, unreduced attorneys' fees.

The Court rejects Metro's argument that that Mr. Gruttemeyer's fee award should be discounted. Metro has not shown that it is appropriate to depart from the lodestar in this case. This case involved extensive motion practice, discovery, and trial and the defendant mounted a vigorous defense. The action was prosecuted by skilled attorneys.

The Court has reviewed the plaintiff's timesheets and finds the tasks are identified with sufficient specificity and are appropriate uses of an attorney's time. Billing records show work that was necessary to obtain a successful result. Based on familiarity with

attorneys' rates in this area, the court finds the plaintiff's counsels' rates are reasonable, as are the number of hours expended in discovery and trial for a case of this complexity. The Court concludes that attorney fees should be granted in this case in the amount requested by the plaintiffs. Execution on the disability discrimination judgment has been stayed pending the outcome of the appeal. Filing No. 139. The Court will similarly stay execution on the fee award.

THEREFORE, IT IS ORDERED

1. The plaintiff motion for attorney fees (Filing No. 123) is granted

2. The plaintiff is awarded attorney fees in the amount of $103,054.50

3. A judgment for attorney fees in accordance with this Memorandum and Order will be entered.

4. Execution on the judgment for attorney fees is stayed pending appeal.

Dated this 17th day of November, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge